UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FLORENCE CARPENTER,**

    Plaintiff,

v.                                          Case No: 5:20-cv-603-JSM-PRL

**EDWIN MCCRAE and FIRELINE, INC.,**

    **Defendants.**

### ORDER

This matter is before the Court on Defendants Edwin McRae and Fireline, Inc.'s motion for an order requiring non-party, MetroPCS to show cause as to why it should not be held in contempt for failing to comply with Defendants' subpoena. (Doc. 15). Plaintiff has no objection.

In this action, Plaintiff alleges negligence against Defendants arising from a motor vehicle accident on March 18, 2020. Plaintiff seeks damages for past and future medical expenses, and loss of past and future earnings. Defendants dispute liability and are seeking Plaintiff's cell phone records from MetroPCS to determine whether Plaintiff was on her cell phone at the time of the accident.

Pursuant to Federal Rule of Civil Procedure 45, a party may subpoena from a nonparty, documents, electronically stored information ("ESI"), or tangible things in the non—party's possession, custody, or control for inspection, copying, testing, or sampling. Fed.R.Civ.P. 45(a)(1)(A)(iii), (a)(1)(D). By issuing a subpoena, the party is "invoking the court's power to require a non-party to produce documents." *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D 693, 694 (M.D. Fla. 2006). The Court may hold in contempt a person who, having been served,

- 2 -

fails without adequate excuse to obey the subpoena. Fed. R. Civ. P. 45(g). "If a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order." *In re Certain Complaints Under Investigation by an Investigating Comm.*, 783 F.2d 1488, 1495 (11th Cir. 1986).

Here, on April 2, 2021, Defendants served a subpoena on MetroPCS. (Docs. 15-1). The subpoena commanded MetroPCS to produce the requested documents by April 12, 2021. (Doc. 15-1 at 2). By letter dated September 8, 2021, Defendants advised MetroPCS that it had failed to comply with its obligations under the subpoena and requested that the records be produced within five days. (Doc. 15-2). To date, MetroPCS has not produced any of the required documents or provided any other response to the subpoena.

Based on the foregoing, Defendants' motion (Doc. 15) is due to be **GRANTED**. Defendants shall promptly serve MetroPCS with a copy of this Order and file notice of service with the Court. Within **ten days** of service of this Order, MetroPCS shall: (1) show cause as to why it should not be held in contempt for failing to comply with the subpoena; and (2) produce to Defendants the records requested in the subpoena.

**DONE** and **ORDERED** in Ocala, Florida on September 29, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties